UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

James Dale Pelham,

       Petitioner,
vs.                               Case No.  2:04-cv-55-FtM-29SPC

Thomas Douberly and Florida
Attorney General,

       Respondents.
_____

**OPINION AND ORDER**

Petitioner, James Dale Pelham, filed a *pro se* Petition for Habeas Corpus under 28 U.S.C. § 2254 (Doc. #1) on January 21, 2004.[1] Petitioner challenges a judgment of conviction entered on April 22, 1999, by the Twentieth Judicial Circuit Court in DeSoto County, Florida (Case No. 96-0301-CF).[2] Respondents filed a Response to the Petition (Doc. #5) attaching relevant portions of

---

[1] The Petition (Doc. #1) was filed in this Court on January 29, 2004; however, the Court deems the Petition filed when delivered to prison authorities for mailing and, absent evidence to the contrary is assumed to be the date the inmate signed the document (January 21, 2004). See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). If applicable, the Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] On September 14, 2006, Petitioner filed a change of address advising the Court that he was released from incarceration (Doc. #11). Respondent states that "there are possible collateral consequences" to Petitioner's conviction challenged herein. Respondent's Response to Court's Order of October 23, 2006 at ¶3 (Doc. #13.) Consequently, the Court does not deem the Petition moot. Spencer v. Lemna, 523 U.S. 1, 7-8 (1998).

the state court record as exhibits (Doc. #6).[3]  Petitioner filed a Reply to the Response (Doc. #7).  This case is now ripe for review.

**I.**

Petitioner was convicted after a jury trial of one count of DUI Manslaughter ("Count I") and one count of Leaving the Scene of an Accident with Death ("Count II").  On April 22, 1999, Petitioner was sentenced to 20 years, 9 months, and 8 days as to Count I, and 5 years as to Count II (Exh. #1).

Petitioner raised two issues on direct appeal: 1) whether the trial erred in adjudicating and sentencing appellant for two homicide offenses when only one victim was killed; and, 2) whether appellant's sentence is fundamentally unfair and illegal since the 1985 guidelines, Chapter 95-184, Laws of Florida, violate the state's constitutional "single subject" requirement.  On November 15, 2000, the appellate court (Case No. 2D99-1856) affirmed Pelham's conviction, but reversed as to his sentence finding that a single death could not support convictions for both DUI manslaughter and leaving the scene of an accident with death.[4] Consequently, the appellate court vacated the lesser offense of leaving the scene of an accident with death (Count II), affirmed

---

[3]The Court will hereinafter refer to the exhibits referenced in and submitted in support of Respondents' Response to the Petition (Doc. #6) as "Exh."

[4]Subsequently, in <u>Lawrence v. State</u>, 801 So.2d 293 (Fla. 2nd DCA 2001), the Florida district court in an *en banc* decision expressly rejected the holding in <u>Pelham v. State</u>,771 So. 2d 1254.

-2-

the DUI manslaughter conviction (Count I), and remanded the case back to the trial court for sentencing consistent with Heggs v. State, 759 So. 2d 620 (Fla. 2000). (Exh. #2); Pelham v. State 771 So. 2d 1254 (Fla. 2d DCA 2000).

On March 15, 2001, the trial court re-sentenced Petitioner to 11 years, 8 months and 0 days. (Exh. #3).  Pelham filed a second direct appeal regarding his resentencing after remand contending that the trial court's sentence was again illegal.  On April 26, 2002, the appellate court reversed Pelham's resentencing (Case No. 2D01-1383), finding that Pelham's constitutional due process rights were violated when the trial court refused to permit Pelham an opportunity to challenge the accuracy of his guidelines score sheet with respect to the scoring of victim injury points and the scoring of certain prior convictions, and remanded the case back to the trial court for resentencing again. (Exh. #3); Pelham v. State, 815 So. 2d 733 (Fla. 2d DCA 2002).  It is unclear from the record the date on which Petitioner was resentenced by the trial court. According to the Florida Department of Corrections Offender Network, Pelham was resentenced to 11 years, 8 months and 0 days. http://www.dc.  state.fl.us/InmateReleases/detail.

On August 28, 2002, Petitioner filed a Rule 3.850 motion asserting three claims of ineffective assistance of trial counsel: 1) counsel was ineffective for improperly stipulating to the admission of blood alcohol evidence; 2) counsel was ineffective for failing to conduct adequate pre-trial investigation and call

favorable defense witnesses; and 3) counsel was ineffective for not objecting or striking Juror Diamond and for accepting the jury panel. On April 17, 2003, the trial court summarily denied Petitioner's Rule 3.850 motion finding that "[t]he record conclusively refutes the Defendant's allegations." (Exh. #4). On December 19, 2003, the appellate court (Case No. 2D03-2217) affirmed the trial court's decision. (Exh. #4); Pelham v. State, 865 So. 2d 499 (Fla. 2d DCA 2003)(table).

Petitioner asserts that he filed a state habeas petition on June 15, 2002. Petition at 6. A copy of Petitioner's state habeas petition was not in the record submitted with Respondents' Response. Consequently, on February 8, 2007, the Court directed Respondents to supplement the record with a copy of Petitioner's state habeas petition and the State's response (Doc. #14). On March 2, 2007, Respondents filed a Response to the Court's February 8, 2007, Order and advised the Court that the State "was unable to locate any files containing the requested documents." See Doc. #15, ¶2. It is clear from the record, however, that the Second District Court of Appeal (Case No. 2D02-3176) denied Petitioner's state habeas petition, without a written opinion, and construed the habeas petition as alleging an ineffective assistance of appellate counsel claim (Exh. #5).

In the Petition *sub judice*, Petitioner identifies the following sole ground for relief:

> **Whether Petitioner's 14th Amendment Rights Under the U.S. Constitution and Article 1, § 2.16 Florida Constitution Were Violated When the Trial Court Denied Petitioner's Peremptory Strike of Venire Person During Voir Dire**.

In the Response to the Petition, Respondent argues that Petitioner's sole ground for relief is unexhausted and procedurally barred. Response at 5. Upon review of the Petition, the Response and supporting exhibits, and Petitioner's Reply, the Court determines that habeas relief should be denied for the reasons set forth below.

## II.

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes no evidentiary proceedings are required in this Court. High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)). Petitioner does not proffer any evidence that would require an evidentiary hearing. Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006). Rather, the pertinent facts of the case are fully developed in the record before the Court. Smith, 170 F.3d at 1054 (stating that a district court does not need to

conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, no additional evidentiary proceedings are required in this case at hand. High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).

### III.

Because Petitioner filed his Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see also Bell v. Cone, 543 U.S. 447, 455 (2005)(habeas court's standard for evaluating state court ruling is highly deferential, which demands that state-court decisions be given benefit of doubt).

A petition for writ of habeas corpus should be dismissed and not be entertained unless the petitioner has first exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A); Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992); Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "[T]he state prisoner must give the state courts an opportunity to act on his claims **before** he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(emphasis added). Accord Woodford v. Ngo, 126 S. Ct. 2378, 2386-87 (2006)("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims though 'one complete round of the State's established appellate process.'" (quoting O'Sullivan, supra at 845). See also Henderson, 353 F.3d at 891; Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin, 541 U.S. at 29 (citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995) and O'Sullivan, 526 U.S. at 845).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default

-7-

doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Id. at 1138; Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004). "A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir.1999).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880 (11th Cir. 2003); Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." Crawford v. Head, 311 F.3d 1288, 1327 (11th Cir. 2002) (citations omitted), cert. denied, 540 U.S. 956 (2003). The actual innocence exception is "exceedingly narrow in scope" and requires proof of factual innocence, not mere

-8-

legal insufficiency. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002); Sawyer v. Holder, 326 F.3d 1363, 1367 (11th Cir.), cert. denied, 540 U.S. 900 (2003). "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson, 256 F.3d at 1171 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Id. (citation omitted) (quoting Schlup, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected."). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, supra at 892. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." See Snowden, 135 F.3d at 736.

A federal court need not dismiss the petition to allow for exhaustion of state remedies, however, if such a dismissal would be futile.

> [I]f the petitioner simply never raised a
> claim in state court, and it is obvious that
> the unexhausted claim would now be

> procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam) (citing Snowden, 135 F.3d at 737).

Additionally, § 2254(a) allows the court to grant habeas corpus relief to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In other words, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); Wainwright v. Goode, 464 U.S. 78 (1983); Barclay v. Florida, 463 U.S. 939, 958-659 (1983)("Mere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); Engle v. Isaac, 456 U.S. 107 (1981); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (a habeas petition grounded on issues of state law provides no basis for habeas relief); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for

federal habeas corpus relief, since no question of a constitutional nature is involved."  Tejada v. Dugger, 941 F.2d 1551 (11th Cir. 1991)(quoting Carrizales, supra).  State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the [proceeding] to render the entire [proceeding] fundamentally unfair."  Tejada, 941 F.2d at 1560.  The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly."  Estelle, 502 U.S. at 352.

**IV**.

Here, Petitioner asserts that the trial court's error in refusing to grant defense counsel's peremptory strike of Juror Mosley denied Petitioner a fair trial.  Contrary to Petitioner's assertions in his Reply, it is clear from the record before the Court that Petitioner did not exhaust this claim at the state court level.  Petitioner could have and should have raised his claim of trial court error on direct appeal. Sampson v. State, 845 So. 2d 271, 272 (Fla. 2d DCA 2003).  Petitioner in his previous state court pleadings admits that he did not raise this claim in either of his previous direct appeals. Specifically, Petitioner states:

> Defendant is raising one issue on his Habeas Corpus that was preserved for Appellate review, refusal to allow defense to use peremptory challenge **and [sic] was not raised on either appeal**.

[Petitioner's] Memorandum of Law in Support of Post Conviction Motion on Appeal at 10 (emphasis added) (Exh. #4).

-11-

It would be futile to dismiss this case to give Petitioner an opportunity to exhaust this claim on direct appeal since it would be procedurally barred at the state court level. Henry v. State, 933 So. 2d 28 (Fla. 2d DCA 2006). Thus, the Court finds that Petitioner has procedurally defaulted this claim.

Petitioner in both his Rule 3.850 Motion claimed that trial counsel was ineffective for accepting the jury panel and failing to advise "that [the defense] could move to not accept this jury." Exh. #4). To the extent that Petitioner argues that either trial counsel's or appellate trial counsel's ineffectiveness constitutes such "cause" to excuse his failure to preserve this issue or raise this issue on direct appeal, such claims are without merit. In particular, the trial court in summarily denying Petitioner's Rule 3.850 motion on the ineffectiveness of trial counsel issue noted that the record clearly refuted Petitioner's ineffectiveness claim on this issue. Significantly, as pointed out by the State in its response to Petitioner's Rule 3.850 motion, trial counsel in response to whether the panel was accepted stated:

> I need to talk to Mr. Pelham. Your Honor, I had to explain to Mr. Pelham what I think are the ramifications of denial of Ms. Mosley, and he has decided in conjunction with me that we'll accept the panel.

State's Response to Defendant's 3.850 Post Conviction Motion, Ground 3 (citing Trial Transcript at p. 157, lines 1-5)(Exh. #4). Consequently, the Court need not address prejudice since Petitioner has not established cause. Howard v. United States, 374 F.3d 1068,

1072 (11th Cir. 2004). Alternatively, Petitioner has not shown prejudice.

Here, Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, Petitioner has not shown that he is entitled to the fundamental miscarriage of justice exception. For these reasons, the Court need not review the merits of Petition, which even assuming *arguendo* that the claim is not procedurally barred, is without merit since the record demonstrates that Petitioner accepted the jury panel after consultation with his trial counsel.

Accordingly, it is now

**ORDERED**:

1. Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED, and this case is dismissed with prejudice**.

2. The **Clerk of Court** is directed to enter judgment accordingly and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of March, 2007.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record